FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 15, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DANIEL B.,[1] | No. 1:21-cv-03038-MKD |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| v. | |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| | **ECF Nos. 14, 16** |
| Defendant. | |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 14, 16. The Court, having reviewed the administrative record and the parties' briefing, is fully informed. For the reasons discussed below, the Court grants Plaintiff's motion, ECF No. 14, and denies Defendant's motion, ECF No. 16.

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

# JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001). If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. §

ORDER - 2

416.902(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless."  *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination."  *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 1382c(a)(3)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 416.920(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work

activity.  20 C.F.R. § 416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC),

ORDER - 4

defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 416.945(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

ORDER - 5

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*,

700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On July 16, 2018, Plaintiff applied for Title XVI supplemental security

income benefits alleging a disability onset date of January 1, 2002. Tr. 15, 49,

137-42. The application was denied initially, and on reconsideration. Tr. 78-81,

85-87. Plaintiff appeared before an administrative law judge (ALJ) on August 19,

2020. Tr. 32-48. On September 1, 2020, the ALJ denied Plaintiff's claim. Tr. 12-

31.

At step one of the sequential evaluation process, the ALJ found Plaintiff has

not engaged in substantial gainful activity since July 16, 2018. Tr. 17. At step

two, the ALJ found that Plaintiff has the following severe impairments: anxiety

and a major depressive disorder. *Id.*

ORDER - 6

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 18. The ALJ then concluded that Plaintiff has the RFC to perform a full range of work at all exertional levels with the following limitations:

> [Plaintiff] is limited to simple, routine work related instructions; tasks and decisions with few changes in the workplace; and only incidental contact with the public and co-workers. [Plaintiff] can interact with supervisors, as needed, for directions or tasks/assignments for the day. [Plaintiff] would be off task 5 percent of the workday.

Tr. 20.

At step four, the ALJ found Plaintiff has no past relevant work. Tr. 25. At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as battery stacker, cleaner II, and hand packer. Tr. 26. Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the date of the application through the date of the decision. Tr. 27.

On January 21, 2021, the Appeals Council denied review of the ALJ's decision, Tr. 1-6, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. § 1383(c)(3).

ORDER - 7

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income benefits under Title XVI of the Social Security Act. Plaintiff raises the following issues for review:

1.  Whether the ALJ properly evaluated the medical opinion evidence;

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims; and

3.  Whether the ALJ properly evaluated the lay opinion evidence.[2]

ECF No. 14 at 2, 21.

## DISCUSSION

### A. Medical Opinion Evidence

Plaintiff contends the ALJ erred in his consideration of the opinions of Alexander Patterson, Psy.D.; N.K. Marks, Ph.D.; Janis Lewis, Ph.D.; Jenny Rainey-Gibson, LMFT; Cynthia Hurtado, ARNP; Beth Fitterer, Ph.D.; and Gary Nelson, Ph.D. ECF No. 14 at 8-20.

---

[2] Plaintiff did not list the lay opinion evidence as a separate issue but rather addresses it with the medical opinion evidence. For ease of addressing the issues, the Court has separated the medical opinion evidence and lay opinion evidence issues.

ORDER - 8

As an initial matter, for claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must evaluate medical opinion evidence. *Revisions to Rules Regarding the Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide that the ALJ will no longer "give any specific evidentiary weight…to any medical opinion(s)…" *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844, at 5867-68; *see* 20 C.F.R. § 416.920c(a). Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources. 20 C.F.R. § 416.920c(a)-(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant (including length of the treatment, frequency of examinations, purpose of the treatment, extent of the treatment, and the existence of an examination), specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements"). 20 C.F.R. § 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and therefore the ALJ is required to explain how both factors were considered.  20 C.F.R. § 416.920c(b)(2).  Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c)(1)-(2).  The ALJ may, but is not required to, explain how the other factors were considered.  20 C.F.R. § 416.920c(b)(2).  However, when two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported ... and consistent with the record ... but are not exactly the same," the ALJ is required to explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. § 416.920c(b)(3).

The Ninth Circuit addressed the issue of whether the changes to the regulations displace the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  The Court held that the new

ORDER - 10

1  regulations eliminate any hierarchy of medical opinions, and the specific and

2  legitimate standard no longer applies.  *Id*.  The Court reasoned the "relationship

3  factors" remain relevant under the new regulations, and thus the ALJ can still

4  consider the length and purpose of the treatment relationship, the frequency of

5  examinations, the kinds and extent of examinations that the medical source has

6  performed or ordered from specialists, and whether the medical source has

7  examined the claimant or merely reviewed the claimant's records.  *Id.* at 792.

8  However, the ALJ is not required to make specific findings regarding the

9  relationship factors.  *Id.*  Even under the new regulations, an ALJ must provide an

10  explanation supported by substantial evidence when rejecting an examining or

11  treating doctor's opinion as unsupported or inconsistent.  *Id.*

12      *1.  Dr. Patterson*

13      On April 9, 2019, Dr. Patterson, an examining source, conducted a

14  psychological evaluation and rendered an opinion on Plaintiff's functioning.  Tr.

15  522-27.  Dr. Patterson diagnosed Plaintiff with social phobia and unspecified major

16  depressive disorder, and a rule out diagnosis of attention-deficit hyperactivity

17  disorder.  Tr. 526.  Dr. Patterson opined Plaintiff would have difficulty performing

18  detailed/complex tasks, accepting instructions from supervisors and interacting

19  with coworkers and the public, completing a normal workday/workweek without

20  interruptions from a psychiatric condition and coping with the usual stress

ORDER - 11

1   encountered in the workplace; and he would not have difficulty performing simple

2   and repetitive tasks, maintaining regular attendance in the workplace, and

3   performing work activities on a consistent basis without special or additional

4   instructions. Tr. 526-27. The ALJ found Dr. Patterson's opinion was not

5   persuasive. Tr. 23.

6        First, the ALJ found Dr. Patterson's opinion was inconsistent with the record

7   as a whole. *Id.* Consistency is one of the most important factors an ALJ must

8   consider when determining how persuasive a medical opinion is. 20 C.F.R. §

9   416.920c(b)(2). The more consistent an opinion is with the evidence from other

10  sources, the more persuasive the opinion is. 20 C.F.R. § 416.920c(c)(2). The ALJ

11  stated that while Plaintiff was anxious at Dr. Patterson's examination, he was not

12  anxious at the majority of examinations. Tr. 23. The ALJ did not point to any

13  other inconsistencies between Plaintiff's presentation at the examination, nor

14  between Dr. Patterson's opinion and other medical records and opinions in the

15  record. Plaintiff contends the ALJ incorrectly found an inconsistency, because

16  Plaintiff was noted as anxious at multiple visits. ECF No. 14 at 12 (citing Tr. 258,

17  619, 649, 710). The ALJ did not explain how Plaintiff's lack of anxiety at some

18  appointments detracts from the persuasiveness of Dr. Patterson's opinion.

19       Dr. Patterson's opinion is consistent with multiple opinions in the record,

20  including Ms. Rainey-Gibson's opinion which stated Plaintiff has disabling

ORDER - 12

limitations due to his social phobia, *see* Tr. 609-11, and Ms. Hurtado's opinion, which also stated Plaintiff has disabling limitations due to his social phobia, *see* Tr. 613.  The ALJ's finding that Dr. Patterson's opinion is inconsistent with Plaintiff not appearing anxious at other appointments, without any further analysis, does not set forth an analysis of the consistency of the opinion that is sufficient for the Court to review.

Next, the ALJ stated Dr. Patterson's opinion was "almost entirely based on the way the claimant presented at the evaluation."  Tr. 23.  The claimant's relationship with the provider is a relevant factor in determining the persuasiveness of an opinion.  20 C.F.R. § 416.920c(c)(3)(i)-(v).  The length of the relationship, frequency of examinations, and extent of the treatment relationship are all relevant considerations.  *Id.*  However, the fact that an evaluator examined Plaintiff one time is not a legally sufficient basis for rejecting the opinion; the regulations direct that all opinions, including the opinions of examining providers, should be considered.  20 C.F.R. § 416.920c(a), (c)(3)(v).  As the ALJ erred in rejecting Dr. Alexander's opinion as inconsistent with the record, the ALJ's finding that the opinion is not persuasive because it is based on a one-time examination alone is not a legally sufficient reason to reject the opinion.

Further, the regulations require that the ALJ consider both the supportability and the consistency of medical opinions.  *See* 20 C.F.R. § 416.920c(b)(2).

ORDER - 13

Supportability is defined as how well the opinion is supported by evidence and explanations. 20 C.F.R. § 416.920c(c)(1). Dr. Patterson provided an explanation for each component of his opinion and the opinion is accompanied by an examination, but the ALJ did not give an explanation regarding how he considered Dr. Patterson's explanation and examination results. *See* Tr. 23.

On remand, the ALJ is instructed to reconsider Dr. Patterson's opinion and incorporate the opinion into the RFC or give reasons supported by substantial evidence to find the opinion is not persuasive.

### 2. Dr. Marks and Dr. Lewis

On May 25, 2018, Dr. Marks, an examining provider, conducted a psychological evaluation and rendered an opinion on Plaintiff's functioning. Tr. 251-59. Dr. Marks diagnosed Plaintiff with generalized anxiety disorder; other specified ADHD, by history; other specified depressive disorder; and other specific disruptive, impulse-control, conduct disorder. Tr. 253. Dr. Marks opined Plaintiff has no to mild limitation in his ability to understand, remember, and persist in tasks by following very short and simple instructions; moderate limitations in his ability to understand, remember, and persist in tasks by following detailed instructions, perform activities within a schedule, maintain regular attendance and be punctual within customary tolerances, learn new tasks, perform routine tasks without special supervision, make simple work-related decisions, be aware of hazards and take

ORDER - 14

appropriate precautions, ask simple questions or request assistance, maintain appropriate behavior in a work setting, and complete a normal workday/workweek without interruptions from psychologically based symptoms; and marked limitations in his ability to adapt to changes in a routine work setting, communicate and perform effectively in a work setting, and set realistic goals and plan independently.  Tr. 252.  Dr. Marks opined the overall severity of the impact of Plaintiff's impairments is moderate, and opined the limitations were expected to last 12 months with treatment.  Tr. 257.

On June 20, 2018, Dr. Lewis, a reviewing source, reviewed Dr. Marks' opinion and rendered her own opinion on Plaintiff's functioning.  Tr. 250.  Dr. Lewis opined the diagnoses and limitations set forth in Dr. Marks' opinion were supported by the evidence.  *Id.*  The ALJ found Dr. Marks' opinion was somewhat persuasive.  Tr. 23.  The ALJ did not address Dr. Lewis' opinion.

As the case is being remanded for the ALJ to reconsider Dr. Alexander's opinion, the ALJ is also instructed to reconsider Dr. Marks' opinion in light of the fact that the opinion was affirmed by Dr. Lewis, and to consider Dr. Lewis' opinion.

*3. Ms. Rainey-Gibson*

On December 6, 2019, Ms. Rainey-Gibson, a treating therapist, rendered an opinion on Plaintiff's functioning.  Tr. 608-11.  Ms. Rainey-Gibson opined

ORDER - 15

1  Plaintiff has moderate limitations in his ability to remember locations and work-

2  like procedures, understand and remember very short and simple instructions, and

3  carry out very short simple instructions; marked limitations in his ability to

4  understand and remember detailed instructions, carry out detailed instructions,

5  maintain attention/concentration for extended periods, sustain an ordinary routine

6  without special supervision, make simple work-related decisions, respond

7  appropriately to changes in the work setting, be aware of normal hazards and take

8  appropriate precautions, and set realistic goals or make plans independently of

9  others; and severe limitations in his ability to perform activities within a schedule,

10 maintain regular attendance and be punctual within customary tolerances, work in

11 coordination with or proximity to others without being distracted by them,

12 complete a normal workday/workweek without interruptions from psychologically

13 based symptoms and perform at a consistent pace without an unreasonable number

14 and length of rest periods, interact appropriately with the general public, ask

15 simple questions or request assistance, accept instructions and respond

16 appropriately to criticism from supervisors, get along with coworkers or peers

17 without distracting them or exhibiting behavioral extremes, and maintain socially

18 appropriate behavior and adhere to basic standards of neatness and cleanliness,

19 travel in unfamiliar places or use public transportation.  Tr. 607-09.  She further

20 opined Plaintiff has mild limitations in his ability to understand, remember, or

ORDER - 16

apply information; marked limitations in his ability to concentrate, persist or maintain pace, and adapt or manage oneself; and extreme limitations in his ability to interact with others.  Tr. 610.  Ms. Rainey-Gibson also opined Plaintiff meets the "C" criteria of the mental listings, he would be off-task over 30 percent of the time during a full-time workweek, he would miss work four or more times per month, and the onset of his limitations was September 2012.  *Id.*  The ALJ found Ms. Rainey-Gibson's opinion was not persuasive.  Tr. 24.

The ALJ found Ms. Rainey-Gibson's opinion was inconsistent with her own examinations, which were largely normal.  *Id.*  Supportability is one of the most important factors an ALJ must consider when determining how persuasive a medical opinion is.  20 C.F.R. § 416.920c(b)(2).  The more relevant objective evidence and supporting explanations that support a medical opinion, the more persuasive the medical opinion is.  20 C.F.R. § 416.920c(c)(1).  The ALJ cited to exhibit 6F to support the contention that Ms. Rainey-Gibson's examinations were normal; exhibit 6F is Dr. Patterson's examination.  Tr. 522-27.  Other cited records include abnormal mental status examinations from Ms. Rainey-Gibson's appointments with Plaintiff.  *See, e.g.,* Tr. 577-78, 587, 630-31, 636-37, 692.  One cited medical note documents that Plaintiff was anxious and another notes he was unkempt with a flat affect, Tr. 627, 645, and several of the cited visits document

ORDER - 17

1  Plaintiff's reported difficulties leaving his home and his reliance on his

2  grandmother to meet his daily needs, Tr. 643, 689, 700.

3        Several of the cited appointments took place by phone or virtually, due to

4  the pandemic; the ALJ noted the normal examinations, without considering the

5  examinations took place by phone and virtually, which allowed Plaintiff to stay

6  home, and limited the provider's observations. *See, e.g.,* Tr. 22 (citing Tr. 627-28,

7  635-36, 645); Tr. 628 ("This is a telephone [appointment] so I am unable to see

8  [patient]"); Tr. 634 ("This is a telephone session"); Tr. 642 ("virtual visit").  It

9  appears some of the mental status examinations may be duplicated over multiple

10  appointments and do not reflect Plaintiff's mental status at some of the 2020

11  appointments.  For example, multiple examinations are identical and state "eye

12  contact: average," however two of the appointments state, "This is a telephone

13  session," indicating the provider could not have seen Plaintiff's eye contact. *See*

14  Tr. 630-31, 634-36.  This unexplained inaccuracy in the mental status

15  examinations detracts from the ALJ's finding that Ms. Rainey-Gibson's opinion is

16  inconsistent with the mental status examinations, as the ALJ did not consider this

17  inaccuracy.

18        Additionally, as discussed *supra*, the regulations require the ALJ consider

19  both the supportability and consistency of an opinion.  Ms. Rainey-Gibson

20  explained that, "Dan's social phobia limits his ability to interact with others, leave

ORDER - 18

1   the house, and cope with very minor changes." Tr. 611.  Ms. Rainey-Gibson's

2   opinion that Plaintiff has disabling limitations is consistent with multiple opinions

3   in the record.  The ALJ did not discuss how he considered the consistency of Ms.

4   Rainey-Gibson's opinion with other opinion evidence in the record, nor her

5   supporting explanation.  As the case is being remanded for the ALJ to reconsider

6   the opinions discussed *supra,* the ALJ is also instructed to reconsider Ms. Rainey-

7   Gibson's opinion and incorporate the opinion into the RFC or provide an analysis

8   of the supportability and consistency of the opinion, supported by substantial

9   evidence, that supports a finding that the opinion is unpersuasive.

10         *4.  Ms. Hurtado, Dr. Fitterer, and Dr. Nelson*

11         Plaintiff also contends the ALJ erred in his consideration of the opinions of

12  Ms. Hurtado, Dr. Fitterer, and Dr. Nelson.  ECF No. 14 at 14-16, 19-20.  As the

13  case is being remanded for the ALJ to reconsider the opinions discussed *supra*, the

14  ALJ is also instructed to reconsider Ms. Hurtado, Dr. Fitterer, and Dr. Nelson's

15  opinions.

16  **B. Plaintiff's Symptom Claims**

17         Plaintiff faults the ALJ for failing to rely on reasons that were clear and

18  convincing in discrediting his symptom claims.  ECF No. 14 at 3-8.  An ALJ

19  engages in a two-step analysis to determine whether to discount a claimant's

20  testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.

"First, the ALJ must determine whether there is objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted). "The claimant is not required to show that [the claimant's] impairment could reasonably be expected to cause the severity of the symptom [the claimant] has alleged; [the claimant] need only show that it could reasonably have caused some degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). General findings are insufficient; rather, the ALJ must identify what symptom claims are being discounted and what evidence undermines these claims. *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's symptom claims)). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920, 924 (9th Cir. 2002)).

ORDER - 20

Factors to be considered in evaluating the intensity, persistence, and limiting effects of a claimant's symptoms include: 1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) factors that precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; 5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; 6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and 7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. § 416.929(c). The ALJ is instructed to "consider all of the evidence in an individual's record," to "determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the evidence. Tr. 25.

As the case is being remanded for the ALJ to reconsider the medical opinion evidence, the ALJ is also instructed to reevaluate Plaintiff's symptom claims. *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case

ORDER - 21

1  to the ALJ for the reasons stated, we decline to reach [plaintiff's] alternative

2  ground for remand.").

3  **C. Lay Opinion Evidence**

4      Plaintiff contends the ALJ erred in rejecting the lay statement of Wanita B.,

5  Plaintiff's grandmother, without setting forth an analysis of the opinion.  ECF No.

6  14 at 21.  As the case is being remanded for the ALJ to reconsider the medical

7  opinion evidence and Plaintiff's symptom claims, the ALJ is also instructed to

8  consider Wanita B.'s statement.

9  **D. Remedy**

10      Plaintiff urges this Court to remand for an immediate award of benefits.

11  ECF No. 14 at 11.

12      "The decision whether to remand a case for additional evidence, or simply to

13  award benefits is within the discretion of the court."  *Sprague v. Bowen*, 812 F.2d

14  1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)).

15  When the Court reverses an ALJ's decision for error, the Court "ordinarily must

16  remand to the agency for further proceedings."  *Leon v. Berryhill*, 880 F.3d 1041,

17  1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the

18  proper course, except in rare circumstances, is to remand to the agency for

19  additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*,

20  775 F.3d 1090, 1099 (9th Cir. 2014).  However, in a number of Social Security

1    cases, the Ninth Circuit has "stated or implied that it would be an abuse of

2    discretion for a district court not to remand for an award of benefits" when three

3    conditions are met. *Garrison*, 759 F.3d at 1020 (citations omitted).  Under the

4    credit-as-true rule, where (1) the record has been fully developed and further

5    administrative proceedings would serve no useful purpose; (2) the ALJ has failed

6    to provide legally sufficient reasons for rejecting evidence, whether claimant

7    testimony or medical opinion; and (3) if the improperly discredited evidence were

8    credited as true, the ALJ would be required to find the claimant disabled on

9    remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874

10   F.3d 648, 668 (9th Cir. 2017).  Even where the three prongs have been satisfied,

11   the Court will not remand for immediate payment of benefits if "the record as a

12   whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759

13   F.3d at 1021.

14        The Court finds further proceedings are necessary.  There are conflicts

15   between medical opinions requiring resolution by the ALJ.  There is also evidence

16   in the record that casts serious doubt that Plaintiff is in fact disabled.  There are

17   several normal mental status examinations in a row, however when Plaintiff then

18   went to an appointment to have a questionnaire completed regarding his

19   application for SSI, Plaintiff presented with a significantly different presentation

20   than he had in the other recent appointments.  Tr. 691-92, 703, 706-10, 712-13.  On

December 27, 2019, Plaintiff requested a form be completed for his application, and he told Ms. Hurtado he has debilitating social phobia, and he appeared anxious, depressed, and with poor attention span and concentration.  Tr. 706-10. Seven days prior, when Plaintiff was not requesting support for his application for benefits, he had a normal mental status examination.  Tr. 712-13.  In January 2020, he again had normal mental status examinations.  Tr. 691-92, 703.  At multiple counseling appointments, the records note Plaintiff had to be seen every two weeks to meet the requirements of the aged, blind, or disabled (ABD) cash assistance program.  Tr. 550, 574, 623, 625.  Most appointments note Plaintiff needs to be seen so he can receive the assistance and for ongoing treatment, but in April and May 2020, the record only notes the follow up is necessary for patient to receive his funds.  Tr. 633, 635, 641.  In March 2020, the record states "[Patient] will return in two weeks as treatment is needed to comply with his ABD.  [Patient] will continue with treatment until he is approved for SSI."  Tr. 654.  Plaintiff's plan to only continue treatment to receive ABD, and stop treatment when he receives SSI, casts serious doubt on his disability.  As such, the case is remanded for further proceedings consistent with this Order.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and free of harmful legal error.  Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 14**, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Plaintiff REVERSING and REMANDING the matter to the Commissioner of Social Security for further proceedings consistent with this recommendation pursuant to sentence four of 42 U.S.C. § 405(g).

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED February 15, 2023.

<u>s/Mary K. Dimke</u>
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 25